OPINION
The appellant, Bo Guess, appeals the judgment of the Probate Court of Allen County denying his emergency petition for writ of habeas corpus, writ of mandamus, replevin, and various other matters. For the following reasons, we affirm the judgment of the court below.
The pertinent procedural history of this case is as follows.
On August 27, 1999, the appellant filed a petition in the Probate Court of Allen County seeking a variety of remedies. He sought a writ of habeas corpus, writ of mandamus, replevin of personal property, a court appointed lawyer, a guardian ad litem, access to records, political asylum, court protection, political prisoner status, general relief and liberty, and help to report many murders and child kidnappings.
On August 30, 1999, the probate court denied the appellant's motions. The court found that the appellant had failed to meet the statutory requirements for application for writ of habeas corpus, writ of mandamus, and replevin. The court further found that all the appellant's other claims were not matters cognizable to the court.
The appellant now appeals asserting three assignments of error.
 Assignment of Error No. 1 Judge erred and abused discretion not obeying laws, allowing writs and refusing jurisdiction [sic].
The appellant contends that the probate court did not follow the law when dismissing his petition for habeas corpus, mandamus, and replevin. We disagree.
Revised Code 2725.04(D) requires that an application for writ of habeas corpus exhibit a copy of the commitment or cause of detention. The appellant failed to attach a copy of his commitment papers to his petition. Therefore, the appellant failed to meet the statutory requirements of R.C. 2725.04 and dismissal was proper. Boyd v. Money (1998), 82 Ohio St.3d 388.
Similarly, the appellant failed to meet the statutory requirements of R.C 2731.04 concerning the application for writ of mandamus. An application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying. R.C. 2731.04. The appellant failed to name the state in his petition; therefore, the trial court properly denied his petition.
Revised Code 2737.03 requires that in an action for replevin of personal property, the applicant attach a copy of the specific personal property claimed and the approximate value of each item or category of property claimed. The appellant failed to attach any such description and the trial court properly dismissed his petition for replevin.
Accordingly, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2 And likewise for not transferring case to civil division himself (esp. to save me more filing fees) [sic].
As this matter is not properly before this court, the appellant's second assignment of error is overruled.
 Assignment of Error No. 3 Wrongly denied appointed lawyer as guardian ad litem to assist me [sic].
The actions brought by the appellant are all civil actions. The appellant is ordinarily not entitled to a court appointed attorney in civil actions of this nature. Therefore, the trial court did not wrongfully deny the appellant a lawyer in this matter.
Accordingly, the appellant's third assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 WALTERS and SHAW, JJ., concur.